In re SOUTHERN ALBERTA LUMBER CO., Limited.

Appeal of COMPANIA DE COMBUSTIBLES OCEANICA, Limited.

Circuit Court of Appeals, Second Circuit. June 4, 1928.

No. 116.

1. Bankruptcy ⬤═345(I)—Steamship's obligation to pay certain amount paid toward discharge of ship by consignee held not entitled to preference after carrier's bankruptcy.

Contractual obligation of charter requiring steamer to pay certain amount toward cost of discharge to be effected by consignee *held* not an obligation for which preference of payment could be had after bankruptcy of carrier, although freight was paid in advance, since prepaid freights were completely earned when vessel arrived at her port ready for discharge by the consignee, and intervention of bankruptcy did not augment the remedy of the consignee, which at most constituted a cause of action for damages.

2. Shipping ⬤═51(I)—Charter controls in determining character of breach on part of ship.

Charter entered into by parties controls in determining whether breach on part of ship was of simple contract obligation.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of the Southern Alberta Lumber Company, Limited. From an order denying the petition of the Compania de Combustibles Oceanica, Limited, for an order granting priority over other general creditors out of funds in possession of court, the petitioner appeals. Affirmed.

Bigham, Englar & Jones, of New York City (D. Roger Englar and Charles F. Quantrell, both of New York City, of counsel), for claimant.

Winthrop, Stimson, Putnam & Roberts, of New York City (George Roberts and Hamilton Hadley, both of New York City, of counsel), for appellees.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. The appellant was the consignee of a cargo of coal shipped from Philadelphia and delivered to it at Las Palmas, Canary Islands. The Southern Alberta Lumber Company, Limited, contracted for the transportation of this coal and chartered the steamship Alaska. The freight was paid in advance. While the ship was on the high seas, and before reaching its destination, the Southern Alberta Lumber Company, Limited, was petitioned in bankruptcy and receivers were appointed, who made one payment on account of the charter hire. The charter provided:

"Consignees to effect the discharge of the cargo, steamer paying two shillings, including all port charges per ton of 20 cwt., or 1,015 kilos, on bill of lading quantity, and providing only steam, steam winches, winchmen, gins, and falls."

The cargo was discharged in accordance with the terms of the charter party, but the two shillings per ton was not paid by the bankrupt to the appellant, nor were the charges of the winchmen, amounting to £17. 13s. 3d., and the port charges amounting to £63. 4s. 9d., paid. The appellant seeks priority of claim out of, the freight moneys which were paid to the receivers.

[1, 2] The contractual obligation to allow 2 shillings per ton toward the cost of the discharge of the steamship was an obligation for which no preference of payment may be allowed. Under the terms of this charter party, the carrier was obliged to carry the goods to the port, and the discharge was to be effected by the consignee, for which an allowance was made of 2 shillings per ton. The duty of discharging the cargo was imposed upon the consignee, and the duty in relation to the carriage of the goods ceased upon the arrival at the port. The freight was paid solely for the transportation of the goods. The discharge expenses by the consignee contributed in no way to the earning of the freight. The breach on the part of the ship was of its simple contract obligation. The contract of the parties controls. Munson S. S. v. Glasgow Nav. Co. (C. C. A.) 235 F. 64. Under this contract, the consignee was to effect discharge. The prepaid freights were

completely earned when the vessel arrived at her port ready for discharge by the consignee. See Cargo ex Arges, L. R. 5 P. C. 155, 159; The Bencliff (D. C.) 155 F. 242. In the absence of bankruptcy, the bankrupt's failure to pay 2 shillings per ton, including port charges, and to provide winchmen, would at most have given rise to a cause of action for damages to the consignee. The intervention of bankruptcy does not augment the remedy of the consignee. Ainesworth Coal & Iron Co. v. Trafikaktiedolaget Grangesberg Oxelosund (C. C. A.) 287 F. 291. The freights having been completely earned and become part of the assets of the bankrupt, no theory has been advanced upon which they could be held subject to liens for subsequent expenditures by the appellant.

The decree is therefore affirmed.